**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| 3C, LLC d/b/a 3Chi, MIDWEST HEMP COUNCIL, INC., and WALL'S ORGANICS LLC, )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>ATTORNEY GENERAL TODD ROKITA, in his )<br>official capacity, HUNTINGTON POLICE )<br>DEPARTMENT, DETECTIVE SERGEANT )<br>DARIUS HILLMAN, in his official capacity, )<br>HUNTINGTON COUNTY PROSECUTOR, )<br>JEREMY NIX, in his official capacity, )<br>EVANSVILLE POLICE DEPARTMENT, )<br>DETECTIVE SERGEANT NATHAN HASSLER, )<br>in his official capacity, and VANDERBURGH )<br>COUNTY PROSECUTOR DIANA MOERS, in )<br>her official capacity. )<br>)<br>Defendants. ) | CASE NO. 1:23-cv-1115-JRS-MKK |

## **PLAINTIFFS' AMENDED MOTION FOR PRELIMINARY INJUNCTION**

Plaintiffs, 3C, LLC d/b/a 3Chi ("3Chi"), Midwest Hemp Council, Inc., and Wall's Organics LLC, by counsel, and pursuant to Federal Rule of Civil Procedure 65, hereby move this Court to issue a preliminary injunction against Defendants, Attorney General Todd Rokita, in his official capacity, Huntington Police Department, Detective Sergeant Darius Hillman, in his official capacity, Huntington County Prosecutor Jeremy Nix, in his official capacity, Evansville Police Department, Detective Sergeant Nathan Hassler, in his official capacity, and Vanderburgh County Prosecutor Diana Moers, in her official capacity. This case raises primarily legal issues, meaning that any discovery necessary to confirm the allegations in the Amended Complaint should be minimal and the Court can decide this case based on prevailing law.

1

As set forth more fully in the Amended Complaint for Declaratory and Injunctive Relief and the supporting memorandum accompanying this Motion, there is a reasonable likelihood that Plaintiffs will succeed on the merits of their claims at trial because the Official Opinion violates the Supremacy and Commerce Clauses of the United States Constitution, as well as established Indiana law.

Specifically, the federal Agriculture Improvement Act of 2018 preempts the Official Opinion, which therefore violates the Supremacy Clause because the Official Opinion attempts to alter and misapply the definition of hemp so as to criminalize it and place it back on the controlled substances list, and because it places in impermissible restriction on the transportation of hemp through Indiana. This prohibition on the possession and transport of hemp and hemp extracts through Indiana also violates the Commerce Clause by outlawing the interstate commerce of hemp declared legal under federal law. Finally, the Official Opinion violates Indiana's Senate-Enrolled Act 52, which adopts the same broad definition of hemp as the 2018 Farm Bill and permits the sale, distribution, manufacturing, and possession of all low THC hemp extracts that are below .3% Delta-9 THC on a dry weight basis.

The remaining elements for a preliminary injunction are also satisfied here. Plaintiffs have, and will, suffer irreparable harm for which there is no adequate remedy at law if they cannot obtain the requested injunctive relief, as they continue to suffer from inability to obtain financing, preclusion of the transport, manufacture, possession, or sale of low THC hemp products, and the threat of prosecution. Indeed, Indiana retailers of low THC hemp have already been raided, had their products seized, and been threatened with Level 2 felonies with up to 16 years in prison. The weighing of harms favors Plaintiffs and the granting of this injunction serves

the public interest because unconstitutional actions by state actors are *per se* harmful and against the citizens' best interests.

WHEREFORE, Plaintiffs, by counsel, for the reasons further set forth in the Amended Complaint and accompanying Memorandum in Support of Motion for a Preliminary Injunction, request that this Court enter a preliminary injunction that enjoins Defendants (including other persons in concert or participation with them, including but not limited to law enforcement personnel and prosecutors' offices, including the Indiana State Police and Indiana Prosecuting Attorneys Council) from taking any steps to criminalize or prosecute the sale, possession, manufacture, financing, or distribution of low THC hemp extracts that are not more than .3% Delta-9 THC on a dry weight basis.

Dated: August 16, 2023               Respectfully submitted,

                                     */s/ Paul D. Vink*
                                     Paul D. Vink (Atty. #23785-32)
                                     Justin E. Swanson (Atty. #30880-02)
                                     Tyler J. Moorhead (Atty. # 34705-73)
                                     BOSE McKINNEY & EVANS LLP
                                     111 Monument Circle, Suite 2700
                                     Indianapolis, IN 46204
                                     317-684-5000
                                     317-684-5173 fax
                                     pvink@boselaw.com
                                     jswanson@boselaw.com
                                     tmoorhead@boselaw.com

                                     *Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on August 16, 2023 a copy of the foregoing was filed electronically. A copy of this filing will be sent to the following counsel of record by operation of the Court's electronic filing system.

>Thomas Fisher
>Melinda Rebecca Holmes
>James A. Barta
>Office of the Attorney General
>tom.fisher@atg.in.gov
>melinda.holmes@atg.in.gov
>james.barta@atg.in.gov
>
>*Attorneys for Defendants*

>*/s/ Paul D. Vink*
>Paul D. Vink

4621763