UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| 3C, LLC d/b/a 3Chi, MIDWEST HEMP COUNCIL INC., and WALL'S ORGANICS LLC,<br><br>Plaintiffs,<br><br>v.<br><br>ATTORNEY GENERAL TODD ROKITA, in his official capacity, HUNTINGTON POLICE DEPARTMENT, DETECTIVE SERGEANT DARIUS HILLMAN, in his official capacity, HUNTINGTON COUNTY PROSECUTOR JEREMY NIX, in his official capacity, EVANSVILLE POLICE DEPARTMENT, DETECTIVE SERGEANT NATHAN HASSLER, in his official capacity, and VANDERBURGH COUNTY PROSECUTOR DIANA MOERS, in her official capacity,<br><br>Defendants. | No. 1:23-cv-1115-JRS-MKK |

**STATE DEFENDANTS' STATEMENT OF CLAIMS AND DEFENSES**

Defendants Attorney General Todd Rokita, Huntington County Prosecutor Jeremy Nix, and Vanderburgh County Prosecutor Diana Moers, in their official capacities (collectively, "State Defendants"), by counsel, in accordance with the Amended Case Management Plan, ECF No. 91, submit their statement of claims and defenses to be proven at trial.

**Claims**

State Defendants do not carry the burden of proof for any claims in this case.

**Defenses**

Sovereign immunity bars all of Plaintiffs' state-law claims against state officials under *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89 (1984). A federal court may not decide state-law claims brought against state officials, including those state-law claims brought

1

under pendent jurisdiction. *Id.* at 121. Plaintiffs' federal-law claims are likewise barred under sovereign immunity, as the State Defendants have "neither enforced nor threatened to enforce the allegedly unconstitutional" Official Opinion 2023-1 against Plaintiffs. *Doe v. Holcomb*, 883 F.3d 971, 977 (7th Cir. 2018). Plaintiffs challenge only the Official Opinion as preempted under federal law. They do not allege that any state statute enforced by anyone is unconstitutional. No Defendant can or will "enforce[]" the Official Opinion because it is an advisory document with no independent force of law. Any prosecution of Plaintiffs would be brought under unchallenged state statutes. *See, e.g.*, Ind. Code §§ 35-48-1-17.5, 35-48-4-11. The limited exception to sovereign immunity in *Ex parte Young*, 209 U.S. 123 (1908), permitting plaintiffs to proceed against state officials who "enforce [an] allegedly unconstitutional state statute," *Doe*, 883 F.3d at 977, accordingly does not apply.

## Reservation of Rights

The parties have not yet completed discovery, investigation, or preparation for trial. This statement is based on information currently known or reasonably available to State Defendants. State Defendants reserve the right to amend this statement or assert additional claims or defenses at trial.

                                          Respectfully submitted,

                                          THEODORE E. ROKITA
                                          Attorney General of Indiana

Date: June 14, 2024            By:    <u>/s/ Katelyn E. Doering</u>
                                          Katelyn E. Doering
                                          Deputy Attorney General
                                          Office of the Attorney General
                                          302 W. Washington St., IGCS 5th Floor
                                          Indianapolis, IN 46204-2770
                                          Phone:  (317) 234-3417
                                          Fax:  (317) 232-7979
                                          Email: Katelyn.Doering@atg.in.gov

                                          *Counsel for State Defendants*