UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| 3C, LLC d/b/a 3CHI, <br> MIDWEST HEMP COUNCIL, INC., <br> Wall's Organics LLC, <br><br> Plaintiffs, <br><br> v. <br><br> TODD ROKITA Attorney General; in his official capacity, <br> DETECTIVE SERGEANT NATHAN HASSLER, in his official capacity, <br><br> Defendants. | No. 1:23-cv-01115-JRS-MKK |

**Order on Cross-Motions for Summary Judgment**

### I. Introduction

The impetus for this litigation was the publication of Official Opinion 2023-1 by Attorney General Todd Rokita. The Opinion offered an interpretation of Senate-Enrolled Act 516 ("SEA 516"), an Indiana state law that, among other things, declassified low-THC hemp as a controlled substance and legalized the manufacture and sale of products containing it. The state law's definition of hemp mirrors that of its federal counterpart, the Agricultural Improvement Act of 2018, otherwise known as the "Farm Bill." In response to a request from law enforcement officials, the Attorney General offered an interpretation of SEA 516 in an Official Opinion, opining that under the statute, Delta-8 THC should be categorized as a Schedule I controlled substance, not as an exempt low-THC hemp derivative.

Plaintiffs are various stakeholders in the world of hemp. They take issue with the Attorney General's interpretation of SEA 156 and ask this Court for relief in two forms: declaratory relief holding that the Official Opinion's interpretation of the law "violates the 2018 Farm Bill and is preempted by federal law[,]" and a permanent injunction enjoining Defendants from "taking any steps to criminalize or prosecute the sale. . . of low-THC hemp extracts" as defined under Plaintiffs' interpretation of federal law. (Am. Compl. ¶¶ 81, 113, ECF No. 31.) Plaintiffs have moved for Partial Summary Judgment on Counts I and II of their Complaint, (ECF No. 111); the Attorney General has filed a cross-motion for summary judgment on all of Plaintiffs' claims, (ECF No. 128). For the reasons outlined below, the Court determines that subject-matter jurisdiction is wanting and this action must be dismissed.

As a preliminary matter, in its recent Order on Motion for Judgment on the Pleadings and Motions to Dismiss, (ECF No. 140), the Court dismissed all of Plaintiffs' claims less its federal claims against the Attorney General. It appears that Detective Sergeant Nathan Hassler was not listed as a party to the Evansville Police Department's motion for judgment on the pleadings, so was not mentioned in the Court's order of dismissal. The Court incorporates its earlier pre-enforcement standing analysis, (Order on Mot. for J. on Pleadings and Mots. to Dismiss 11-12, ECF No. 140), and now dismisses Sergeant Hassler on the same grounds as it dismissed Sergeant Hillman. At this juncture, all that remains is Plaintiffs' 42 U.S.C. § 1983 claim against the Attorney General; in other words, Count I and Count III insofar as it requests relief from an alleged conflict with federal law.

## II. Discussion

While the Court previously held that Plaintiffs had standing to pursue a claim for declaratory and injunctive relief against the Attorney General, the Court maintains an "ongoing obligation to assure itself of its jurisdiction[,] [meaning] that revisiting [jurisdictional] matters is almost always on the table." *Flynn v. FCA US LLC*, 39 F.4th 946, 953 (7th Cir. 2022) (citations omitted). "[S]tanding is an essential ingredient of subject-matter jurisdiction, [so] it must be secured at each stage of the litigation." *Bazile v. Fin. Sys. of Green Bay, Inc.*, 983 F.3d 274, 278 (7th Cir. 2020) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)).

There are three requirements to establish Article III standing. A plaintiff must show that they have (1) suffered an injury in fact (2) that is fairly traceable to the defendant's conduct and (3) that is likely to be redressed by a favorable decision from the Court. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (citing *Lujan,* 504 U.S. at 560-61)). Upon review of the Parties' briefings, the Court concludes that the Plaintiffs have not met their burden of demonstrating that their alleged injury is redressable by the Court.

"[R]edressability requires that the court be able to afford relief through the exercise of its power." *Haaland v. Brackeen*, 599 U.S. 255, 294 (2023). Plaintiffs request two forms of relief: declaratory and injunctive. The first is a declaratory judgment finding that the Official Opinion is "preempted by federal law." (Am. Compl. ¶ 81, ECF No. 31.) Plaintiffs argue that "the Official Opinion falls squarely under conflict preemption because it conflicts with the 2018 Farm Bill's definition

3

and protection of hemp[.]" (Pls.' Summ. J Br. 9–10, ECF No. 113.) According to the Seventh Circuit, conflict preemption "arises when *state law* conflicts with federal law to the extent that compliance with both federal and state regulations is a physical impossibility, or the state law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." *Planned Parenthood of Ind., Inc. v. Comm'r of Ind. State Dept. of Health,* 699 F.3d 962, 984 (7th Cir. 2012) (citations omitted) (emphasis added). The problem here is that an Attorney General's Official Opinion is not state law; it quite plainly reveals itself as an opinion, and Plaintiffs have not provided any case law to indicate otherwise. In fact, Plaintiffs admit that "the Official Opinion, standing alone, is not binding law." (Pls.' Summ. J Br. 25, ECF No. 113.)

But Plaintiffs argue that the legal status of the Opinion is not a roadblock to the Court's review and cite to an out-of-circuit case, *Pueblo of Taos v. Andrus,* 475 F. Supp. 359 (D.D.C. 1979), for support. While *Pueblo* is not binding on this Court, the D.C. District Court premised its jurisdiction on *Perkins v. Elg*, 307 U.S. 325 (1939). In *Perkins,* a woman whose citizenship was revoked and the decision upheld in an Attorney General's official opinion sought a declaratory judgment that she was a citizen of the United States. The Supreme Court disagreed with the Attorney General's opinion and held that, under the applicable federal law, Elg was indeed an American citizen. *Perkins*, 307 U.S. 348–349. The distinction here is that the Plaintiffs do not seek a declaration of their rights under federal law, given that no dispute over the Farm Bill is at issue; rather, they ask the Court to find that the

4

Official Opinion is *preempted* by federal law.  But, as the Court has explained, an opinion is not state law, so it cannot, by definition, be preempted.  Moreover, the state law at issue, SEA 516, has not been amended.  Were the Court to nullify the Official Opinion, prosecutors and law enforcement would still be free to interpret SEA 516's definition of low-THC hemp as they see fit; this means that Plaintiffs' susceptibility to prosecution would be unaffected.  Similarly, if the Court were to allow the Official Opinion to stand, it would neither require prosecution of Delta-8 THC distributors nor serve to prove their guilt under the applicable controlled substances statute.  Thus, any declaration from the Court opining on the correctness of the Official Opinion would amount to "a legal declaration that could not affect anyone's rights." *Fendon v. Bank of Am., N.A.*, 877 F.3d 714, 716 (7th Cir. 2017).

Plaintiffs also request that the Court permanently enjoin "Defendants [and their agents] from taking any steps to criminalize or prosecute the sale, possession, manufacture, financing, or distribution of low THC hemp extracts that are not more than .3% Delta-9 THC on a dry weight basis."  (Am. Compl. ¶ 113, ECF No. 31.)  At this stage, the only Defendant in this case is the Attorney General.  Plaintiffs have produced no evidence to demonstrate that the Defendant bears any responsibility for initiating prosecutions, making arrests, or enacting criminal legislation such that an injunction against the Attorney General would have any effect, positive or otherwise, on Plaintiffs.  The fact that the Attorney General *could,* at some unknown time, join a criminal prosecution premised on his interpretation of SEA 516 wades into the realm of pre-enforcement actions and cannot establish injury-in-fact.  The state

prosecutors and law enforcement agents have been dismissed from this case. And generally, the Court "may not enjoin non-parties who are neither acting in concert with the enjoined party nor are in the capacity of agents, employees, officers, etc. of the enjoined party." *U.S. v. Kirschenbaum,* 156 F.3d 784, 794 (7th Cir. 1998). The Court cannot redress Plaintiffs' harms by enjoining the Attorney General from engaging in behavior he is not legally empowered to do in the first place.

What boils under the surface of this litigation is Plaintiffs' want for the Court to affirm the legality of its Delta-8 THC products in the state of Indiana. Intimating as much, Plaintiffs' summary judgment brief relies heavily on the Ninth Circuit's opinion in *AK Futures LLC v. Boyd St. Distro, LLC*, 35 F.4th 682, 692 (9th Cir. 2022); there, the circuit court engaged in an analysis of whether plaintiff's Delta-8 THC products were legal under the 2018 Farm Bill and found that they were. *AK Futures* involved a trademark dispute between an e-cigarette manufacturer and a smoke-products wholesaler; while Plaintiffs allege that AK Futures "moved for a preliminary injunction confirming that Delta-8 is legal," that assessment is rather disingenuous. (Pls.' Summ. J Br. 13, ECF No. 113.) AK Futures sought a preliminary injunction enjoining Boyd St. from selling counterfeit versions of its "Cake" e-cigarette, which contained Delta-8 THC; Boyd St. raised the legality of AK Futures' product as a defense to argue that AK Futures did not hold a protectible trademark. The Ninth Circuit engaged in an analysis of the Farm Bill, found AK Futures' Delta-8 products to be legal, confirmed that AK Futures held a valid trademark, and affirmed the district court's grant of an injunction against Boyd St.

But the question of whether Plaintiffs' products are legal under the Farm Bill is not currently before the Court.  Rather, Plaintiffs object to a particular interpretation of SEA 516 that would render their Delta-8 THC products illegal.  Plaintiffs do not raise a constitutional challenge to SEA 516, nor is there any legal dispute governed by state law for the Court to adjudicate.  That being the case, the Court will not run up against the bounds of federalism by *sua sponte* opining on the proper interpretation of a state statute.  *See Barger v. State of Ind.,* 991 F.2d 394, 396 (7th Cir. 1993) ("State courts are the final arbiters of state law"); *Republic Servs. of Ind. Ltd. P'ship v. Coe Heating & Air Conditioning, Inc.*, 700 F. Supp. 3d 676, 686 (N.D. Ind. 2023) ("A federal court also has a[n] . . . obligation not to opine on matters of state law where it is unnecessary.")  That the Plaintiffs have hung their hats on challenging the Official Opinion in federal court is their own cross to bear.  But fundamentally, this is a dispute about the proper interpretation of state law, which even if such a dispute were at issue—which is not the case here, where a mere opinion about that law rather than the law itself is being challenged—is a question for consideration by Indiana's courts.

As it stands, Plaintiffs have failed to demonstrate that they have standing to advance their claims against the Attorney General.  Consequently, it is the Court's conclusion that it lacks subject-matter jurisdiction over the instant matter and, accordingly, this action must be dismissed without prejudice.

### III. Conclusion

For the foregoing reasons, the Court **dismisses** this action **without prejudice** for lack of subject-matter jurisdiction. Plaintiffs' motion for summary judgment, (ECF No. 111), and Defendant's cross-motion for summary judgment, (ECF No. 128), are **dismissed** as moot. Defendant's Motion to Exclude Opinions of Mark Charles Krause, (ECF No. 150), is **dismissed** as moot. The Clerk **shall close** this case.

**SO ORDERED.**

Date:  3/18/2025

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

James A. Barta
Office of the Indiana Attorney General
james.barta@atg.in.gov

Alex Maurice Beeman
Reminger Co. LPA
abeeman@reminger.com

Katelyn E. Doering
Office of IN Attorney General
katelyn.doering@atg.in.gov

Andrew Aaron Haughey
Reminger Co., LPA
ahaughey@reminger.com

Bernard Lobermann, IV
Ziemer Stayman Weitzel & Shoulders, LLP
blobermann@zsws.com

Tyler John Moorhead
BOSE MCKINNEY & EVANS LLP
tmoorhead@boselaw.com

Justin E. Swanson
Bose McKinney & Evans LLC
jswanson@boselaw.com

Paul D. Vink
BOSE MCKINNEY & EVANS, LLP (Indianapolis)
pvink@boselaw.com